## OKLAHOMA CITY v. BROWN.

No. 19843. Opinion Filed April 7, 1931.

M. W. McKenzie, Municipal Counselor, and Bliss Kelly and A. L. Hull, Asst. Municipal Counselors, for plaintiff in error.

T. S. E. Brown and Ernest Richards, for defendant in error.

KORNEGAY, J. This is a proceeding in error from the district court of Oklahoma county, Honorable Wyley Jones being the trial judge. As its title will show, it is an appeal by the city of Oklahoma City, plaintiff in error, against Beatrice W. Brown, defendant in error. The cause started in the lower court by the defendant in error filing the petition in the district court of Oklahoma county to obtain an injunction against interference by the city, and by the building commissioner, J. W. Van Meter, to prevent their interfering with the plaintiff in the repairing of a four-room dwelling house that she had removed from a lot on Grand avenue to a lot in the 800 block on East Seventh street.

Both sides introduced evidence which consisted of the testimony of witnesses, and also documents. The documents introduced were a removal permit and also a repair permit. It appears from the evidence in the case that the plaintiff had purchased a four-room dwelling house, and had gotten the removal permit from the officers of the city, and the house had been moved without opposition and placed on the lot owned by the plaintiff on East Seventh street. Photographs were taken of the house that was to be repaired, and the various defects alleged in it.

There was evidence introduced before the lower court, both for and against the house, its foundation, and its superstructure, as well as the permits, and especially the manner in which the permit for repairs was obtained, and also the manner in which it was revoked. The house appears to compare very favorably with the surroundings to which it was moved, some claiming that it was worse.

The various ordinances regulating the buildings in the city were introduced, some of which require specifications, but on the whole the final arbiter of the moving of houses and the repair in districts like this was the building department of the city's government.

The lower court heard all the evidence, it examined the witnesses, it listened to the attorneys, it had before it the ordinances and the officers. After listening to all this, it decided to enjoin the defendant city and its agents, and at its conclusion enjoined the city of Oklahoma City from interfering with the "plaintiff, Beatrice W. Brown, her agents, employees, or servants in the repairing of the said house at 820 East Seventh street, Oklahoma City, pursuant to the permit heretofore issued her for that purpose, said repair to consist in repairing and renewing those parts of said building which need repair, to put such parts of said building in as good condition as the parts of said building which do not need repair; this injunction to be in force regardless of any conflict with the terms of the building code ordinance or any other ordinances of said city which prohibit such repairs, or which may be violated by the said repair work."

In due time the city made application for a new trial, and the court on the 3rd day of August, 1928, overruled this motion for a new trial, which was followed by exceptions and notice of appeal to this court, and it was brought to this court on case-made, which was filed here on the 23rd day of October, 1928.

The matter has been elaborately briefed on behalf of the city and a large part of the evidence that is contained in the case-made is contained in the brief, the brief itself being 122 pages. Several citations of authority are set out in the brief, but the main contention of the city is that the evidence did not warrant the finding of the court, and that the court, therefore, did wrong in rendering the judgment and in overruling its motion for a new trial.

We have examined this evidence, and we have examined these authorities. It is true that the trial court in making the judgment it did make, made use of the expression "estoppel," but it is apparent from all of the evidence in the case, and from the judgment in the case pronounced by the trial court, that it passed on this case and granted the injunction on the evidence before it. If one side were believed to the exclusion of the other, we might reverse the case, but there was ample evidence to sustain the injunction. Perhaps the evidence preponderates that way, but it could not very well be contended that the finding of the court, though it sat in the equitable proceeding, was so clearly against the weight of the evidence that we ought to interfere with the judgment below.

Three years have passed. The house, according to the photographs, has been placed on a substantial foundation, and the party was doing her best to utilize her property, and the property compares very favorably with the surrounding property, and if allowed to be repaired in the manner that the plaintiff claimed that she would repair it, could be rendered habitable, and as presentable as most of the property surrounding it.

The cause is therefore affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.